FILED

02/13/2018

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
December 19, 2017 Session

## KENNETH ALAN STEELE v. STATE OF TENNESSEE

Appeal from the Criminal Court for Hamilton County
No. 289273    Don W. Poole, Judge

_____

## No. E2016-01375-CCA-R3-PC

_____

The Petitioner, Kenneth Alan Steele, appeals from the Hamilton County Criminal Court's denial of relief for his petition pursuant to the Post-Conviction DNA Analysis Act. The post-conviction court granted his petition for analysis but denied further relief based upon the results of the analysis. The Petitioner contends that the court failed to afford him a hearing and erred in denying relief after interpreting the DNA analysis reports. We affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

Wesley D. Stone (on appeal), Knoxville, Tennessee; and Zak Newman (at hearing), Chattanooga, Tennessee, for the appellant, Kenneth Alan Steele.

Herbert H. Slatery III, Attorney General and Reporter; Katherine C. Redding, Assistant Attorney General; M. Neal Pinkston, District Attorney General; Cameron Williams, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The Petitioner was convicted of twenty-one counts of burglary, robbery, theft, rape, and assault offenses perpetrated against eight victims. *State v. Kenneth Alan Steele*, No. 03C01-9207-CR-233, 1993 WL 415836 (Tenn. Crim. App. Oct. 13, 1993) (*Steele I*). The State's evidence at the trial included DNA evidence identifying the Petitioner as the perpetrator relative to two of the victims. The DNA evidence had been analyzed using the Restriction Fragment Length Polymorphism (RFLP) process. *Id*. at *2. The Petitioner's fingerprints were found at all eight victims' homes. *Id.* The perpetrator's *modus operandi* and the crimes were similar relative to each victim. *Id.*

Following this court's opinion affirming his convictions and modifying his sentence, the Petitioner attacked his convictions in several actions. He filed two petitions for the writ of habeas corpus, but the petitions proved unsuccessful. *See Kenneth Steele v. State*, No. 01C01-9512-CC-00409, 1997 WL 211265 (Tenn. Crim. App. Apr. 30, 1997) (*Steele II*) (attacking the constitutionality of the Sentencing Reform Act of 1989 as violating the separation of powers doctrine); *Kenneth A. Steele v. State*, No. 01C01-9708-CC-00105, 1998 WL 120308 (Tenn. Crim. App. Mar. 18, 1998) (*Steele III*) (attacking the sufficiency of the indictments), *perm. app. denied* (Tenn. Nov. 22, 1999). The Petitioner filed a petition for post-conviction relief, which was also unsuccessful. *Kenneth Alan Steele v. State*, No. 03C01-9701-CR-00012, 1999 WL 512053 (Tenn. Crim. App. July 21, 1999) (*Steele IV*), *perm. app. denied* (Tenn. Nov. 22, 1999). Later, he filed a petition for the writ of error coram nobis, in which he alleged the discovery of new DNA evidence. The coram nobis court denied relief, and this court affirmed its ruling. *Kenneth Alan Steele v. State*, No. E2009-02376-CCA-R3-PC, 2011 WL 882998 (Tenn. Crim. App. Mar. 10, 2011) (*Steele V*), *perm. app. denied* (Tenn. July 14, 2011).

The Petitioner filed the present action pursuant to the Post-Conviction DNA Analysis Act of 2001. *See* T.C.A. §§ 40-30-301 to -313 (2012). He sought additional testing of evidence in the State's possession relative to four of his victims: P.M., J.P., C.M., and E.S. The post-conviction court granted the Petitioner's motion for DNA testing, and the testing was completed for three of the four requested victims. No test results appear in the record relative to C.M. The Petitioner alleged in his petition that a State's witness testified at his trial that a sample from C.M. was not stored properly and was not amenable to testing.[1] The State alleged in a pleading filed in the trial court that certain evidence, including that relative to C.M., was "available for DNA analysis" and in the custody of the court clerk. Counsel for the Petitioner argued at the hearing on the petition for DNA analysis that relief should be granted for "the evidence [that was] lost or destroyed." The Petitioner states in his appellate brief, "[I]t appears that not all samples have been tested consistent with the Trial Court's order" but does not request appellate relief on this basis.

The DNA testing ordered by the post-conviction court showed the following:

---

[1] The record of the Petitioner's appeal of his convictions was damaged by a flood in Nashville in 2010. We have examined what remains of the record, and the portion of the record which contains the testimony of the witness whom the Petitioner alleged had testified about the improper storage of the sample related to C.M. is missing. We conclude from the condition of the trial record that this portion no longer exists.

### Victim P.M.

The sperm fraction showed a partial DNA profile matching the Petitioner's sample. The partial profile did not meet the minimum requirements for entry into CODIS databases.

The non-sperm fraction contained a mixture of genetic materials from at least two people. The limited major contributor profile was consistent with the victim. The limited minor contributor profile came from "a male source." The partial profile did not meet the minimum requirements for entry into CODIS databases.

### Victim J.P.

The sperm fraction showed a partial DNA profile that was consistent with the genetic material of at least two people. The partial major contributor profile matched the Petitioner's sample. The partial profile failed to meet minimum requirements for entry into CODIS databases. The limited minor contributor profile was inconclusive due to insufficient and/or degraded DNA.

The non-sperm fraction contained only the victim's DNA.

### Victim E.S.

The sperm fraction showed a partial DNA profile that was consistent with the genetic material of at least two people. The major contributor profile matched the Petitioner's sample. The partial profile was added to the CODIS databases. The minor contributor profile was inconclusive due to insufficient and/or degraded DNA.

The non-sperm fraction showed a mixture of genetic material from at least two people. The partial major contributor profile matched the Petitioner's sample. The minor contributor profile was inconclusive due to insufficient and/or degraded DNA.

After the results were made available to the parties, the post-conviction court conducted a hearing. The State argued that the results of the new DNA testing were not favorable to the Petitioner because sperm fractions were recovered which matched the

Petitioner's DNA relative to each victim for which evidence was submitted for testing. Relative to the Petitioner's presentation of proof and argument, the following occurred:

THE COURT: [Petitioner's counsel], do you want to be heard then? I have not seen that, I assume it's in the file? [referring to a prior statement by the prosecutor regarding the State's position that the testing was not exculpatory and that the petition should be dismissed]

[PROSECUTOR]: It is.

THE COURT: All right. I'll review that, but do you want to be heard at all or do you have any additional proof to present?

[PETITIONER'S COUNSEL]: As far as one of them that couldn't be tested, the evidence was lost or destroyed, we would ask for relief on that, and we will note that the analysis did reveal much lower numbers than what it had originally been, on at least two of the tests, and our only concern is that it gives a sample and repeats the same number sample on the results. Your Honor will be able to review that.

THE COURT: All right. But there's no other proof to present, then?

[PETITIONER'S COUNSEL]: No other proof, Your Honor.

In a written order, the post-conviction court denied relief. The court found that although the results for the samples related to J.P. and P.M. were less inculpatory than the result for the sample related to E.S. in that the J.P. and P.M. results did not meet the minimum criteria for entry into CODIS databases, none of the results were exculpatory. The court found that the Petitioner did not contend that the results were favorable to him and that the Petitioner had not requested additional analysis or an opportunity to present additional proof. This appeal followed.

The Petitioner contends that the post-conviction court erred in denying him a hearing based upon its conclusion that the DNA test results were unfavorable to the Petitioner. He argues that the results were favorable and notes that they showed the presence of DNA from more than one person and that the results related to two victims failed to meet the minimum criteria for entry into CODIS databases. The State contends that the court did not err in denying relief because the DNA test results would not have rendered the Petitioner's verdict or sentence more favorable if the results had been

-4-

available at the trial. The State also contends that the Petitioner declined to offer proof to support his claim at the hearing. The Petitioner responds that the court "did not receive the required expert" and erred in attempting to interpret the results provided in the reports without expert evidence.

Tennessee Code Annotated section 40-30-303 (2014) establishes the right of a defendant convicted of certain offenses, including rape, to petition for DNA analysis of "any evidence that is in the possession or control of the prosecution, law enforcement, laboratory, or court, and that is related to the investigation or prosecution that resulted in the judgment of conviction and that may contain biological evidence." In the present case, DNA testing was ordered pursuant to the petition, and our review is of the court's denial of relief based upon the results obtained. Tennessee Code Annotated section 40-30-312 provides:

> If the results of the post-conviction DNA analysis are not favorable to the petitioner, the court shall dismiss the petition, and make further orders as may be appropriate. If the results of the post-conviction DNA analysis are favorable, the court shall order a hearing, notwithstanding any provisions of law or rule of court that would bar the hearing as untimely, and thereafter make orders as are required or permitted by the rules of criminal procedure or part 1 of this chapter [the Post-Conviction Procedure Act].

The Petitioner complains that the post-conviction court erred in denying him a hearing. Notwithstanding the statutory language dispensing with the requirement of a hearing in the event of an unfavorable DNA analysis, the court in this case conducted a hearing, at which the Petitioner was present and was represented by counsel. The record reflects that the Petitioner's counsel was afforded the opportunity to make an argument. The court twice asked counsel if he wished to offer proof, and counsel declined to do so. The Petitioner's argument that he was denied a hearing is without merit.

Likewise, we reject the Petitioner's argument that the post-conviction court erred by interpreting the DNA analysis reports without expert assistance. Code section 40-30-312 empowers the court to grant relief pursuant to the Rules of Criminal Procedure or in accord with the provisions of the Post-Conviction Procedure Act. In either instance, the Petitioner must demonstrate his eligibility for relief. At the hearing conducted by the post-conviction court, the Petitioner could have presented proof in the form of expert testimony but elected not to do so. The court considered the evidence before it, which consisted solely of the three DNA analysis reports, and ruled on this basis. The Petitioner has not cited, nor are we aware of, any provision of the Post-Conviction DNA Analysis Act, the Rules of Criminal Procedure, or the Post-Conviction Procedure Act which

requires a post-conviction court to, essentially, call its own expert witness before determining whether a petitioner is entitled to relief based upon a newly ordered DNA analysis.

In any event, we are unpersuaded by the Petitioner's argument that the results were favorable to him. Each of the three samples contained a sperm fraction with a partial DNA profile that was consistent with the genetic material of at least two people. In each case, the major contributor profile matched the Petitioner's sample. In addition, with respect to the sample related to E.S., the non-sperm fraction showed a mixture of genetic material from at least two people, with the partial major contributor profile matching the Petitioner's sample. Notwithstanding the presence of genetic material from multiple sources, the Petitioner's DNA was identified in the sperm fraction related to each victim. On previous occasions when this court has been called upon to review the trial evidence, we have noted the overwhelming evidence of the Petitioner's guilt, aside from DNA evidence. *Steele IV*, 1999 WL 512053 at \*14, 19; *Steele V*, 2011 WL 882998, at \*8. We conclude that the post-conviction court did not err.

In consideration of the foregoing and the record as a whole, the judgment of the post-conviction court is affirmed.

_____
ROBERT H. MONTGOMERY, JR., JUDGE